■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL OWENS, Appellant. [619 NYS2d 620] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered March 3, 1992, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Goldberg, J.), of the defendant's motion to dismiss the indictment on the ground that he has been deprived of his right to a speedy trial, and the denial, after a hearing (Curci, J.), of

that branch of the defendant's omnibus motion which was to suppress physical evidence recovered at the time of his arrest.

Ordered that the judgment is reversed, on the law, the defendant's speedy trial motion is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The Supreme Court properly charged the People with the 145-day delay between the filing of the initial criminal court complaint on August 15, 1990, and the arraignment which occurred on January 7, 1991 (see, People v Correa, 77 NY2d 930). We agree with the defendant that the 24 days between the date of arraignment and February 1, 1991, the date the People first declared their readiness for trial, is chargeable to the People. Although the defendant did not object to the delay, which was the result of an adjournment by the court from one part to another, the People were not relieved of the responsibility for that portion of the delay, absent the defendant's clearly expressed consent to the adjournment (see, People v Smith, 82 NY2d 676, 678; see also, People v Collins, 82 NY2d 177, 181; People v Liotta, 79 NY2d 841, 843).

Furthermore, the People impeded the commencement of the trial by failing to respond to the defendant's omnibus motion for an unreasonable period beyond that provided by the court, without explanation, which prevented the court from making crucial pretrial determinations (see, People v McKenna, 76 NY2d 59, 64). The defendant filed his omnibus motion on or about March 13, 1991; however, the court adjourned the matter, once to provide the People with adequate time to respond, and again because the People failed, without explanation, to respond by the adjourned date. The People finally responded to the motion on June 3, 1991, giving no excuse for the delay from April 29, 1991, to June 3, 1991, a period of 35 days. On June 4, 1991, the court ruled on the omnibus motion, inter alia, granting a Mapp hearing. Under the circumstances, the People failed to maintain their readiness for trial between April 29, and June 3, and that delay, when added to the delay already chargeable to the People, exceeded the six month period, or 184 days in this case, within which the People were required to bring the case to trial (see, People v McKenna, 76 NY2d, supra, at 64).

In light of the disposition of the speedy trial issue, we do not reach the other issue raised by the defendant. Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.