■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOUGLAS J. ANDERSON, JR., Respondent. [627 NYS2d 752] —Appeal by the People from an order of the County Court, Orange County (Berry, J.), dated January 18, 1994, which granted the defendant's motion to dismiss the indictment on the ground that he was denied a speedy trial.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the County Court, Orange County, for further proceedings on the indictment.

The only issue on this appeal is whether the County Court properly charged the People with the period from October 12, 1993, the return date of the defendant's omnibus motion, to November 1, 1993, the date that the People responded to the motion. We conclude that the County Court erred by charging that period to the People and that the defendant's speedy-trial motion should have been denied.

The People were entitled to a reasonable time to respond to the defendant's omnibus motion *(see,* CPL 30.30 [4] [a]). The County Court granted the People a number of adjournments to respond to the motion, and the People responded within 28 days of the motion, which was made on October 4, 1993. We agree with the People that they responded to the motion within a reasonable time *(see, People v Owens,* 209 AD2d 549 [allowing 47 days to respond, but charging the People with the excess]; *People v Inswood,* 180 AD2d 649 [allowing 64 days to respond]). Thus, excluding the 20 days from October 12, 1993, to November 1, 1993, the People are chargeable with only 175 days, which is within the six-month limitation period for the commencement of the criminal action in this case *(see,* CPL 30.30 [1] [a]). Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.