■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR MARTINEZ, Appellant. [637 NYS2d 698] —Judgment,

Supreme Court, New York County (Jay Gold, J.), rendered April 22, 1993, convicting defendant, after a jury trial, of assault in the second degree and sentencing him, as a youthful offender, to five years probation, unanimously affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), it established beyond a reasonable doubt that defendant intended to cause and did cause serious physical injury to the victim (Penal Law § 120.05 [1]; § 10.00 [10]; *cf., People v Davis*, 191 AD2d 705; *People v Virgo*, 197 AD2d 458, *lv denied* 82 NY2d 905). Defendant punched the victim in the jaw, causing him to lose consciousness and fall to ground. Thereafter, defendant punched the victim four or five times "with all his might". When arrested, defendant bragged that, after the first punch, he "rocked" the victim with four or five "good shots". As a result of the blows, the victim's jaw was fractured in two places, the left side of his jaw was shattered, and he lost two teeth, necessitating two separate surgical procedures, causing his jaw to be wired closed for at least three months, during which time he was unable to eat solid food. Finally, the victim suffered from pain a year and a half after the assault. Thus, the People proved that defendant intended to cause and did cause serious physical injury.

Defendant's argument that the charge diminished the People's burden of proof and mitigated the seriousness of the crime by omitting from the definition of serious physical injury that it is "injury which creates a substantial risk of death, or which causes death" (Penal Law § 10.00 [10]) is without merit. Defendant suffered no prejudice from any such omission since the instruction actually limited the jury to finding that defendant had inflicted serious physical injury under one of three, rather than four, of the disjunctive definitions contained in the statute.

We reject defendant's contention that he was deprived of effective assistance of counsel merely because of an error by trial counsel in drafting a speedy trial motion (*see, People v Flores*, 84 NY2d 184; *People v Baldi*, 54 NY2d 137). Counsel incorrectly calculated a period of time which he claimed to be chargeable to the People and which, if correctly calculated by counsel and, in turn, charged to the People by the court, would have placed the People over the speedy trial time limitation. However, the entire period in question was excludable in the first place, as a "reasonable period of delay resulting from * * * pre-trial motions" (CPL 30.30 [4] [a]; *compare, People v Anderson*, 216 AD2d 309, *with People v McKenna*, 76 NY2d

59). Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.