■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESMOND THOMPSON, Appellant. [639 NYS2d 52] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered May 5, 1994, convicting him of assault in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the prosecution failed to prove him guilty of assault in the first degree beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, the People presented legally sufficient evidence to prove that the complainant suffered a "serious physical injury" in that the injury "create[d] a substantial risk of death" (Penal Law

§ 10.00 [10]). The proof submitted by the prosecution, including the extensive medical records of the complainant's hospitalization following the stabbing, demonstrated that the wound to the complainant's upper chest area caused the complainant to experience labored breathing and substantial bleeding. Furthermore, the wound inflicted by the defendant caused the complainant to suffer a pneumothorax, which resulted in a collapsed lung and necessitated the insertion of a tube into the complainant's chest. Accordingly, the medical evidence was legally sufficient to establish that the complainant suffered a serious physical injury as a result of the stabbing by the defendant (*see, People v Wright*, 105 AD2d 1088) and, contrary to the defendant's contention, there was no requirement that the People present expert medical testimony in addition to the other evidence adduced. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Pizzuto, Goldstein and Florio, JJ., concur.