THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL GUILLEN, Appellant. [886 NYS2d 373]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered May 31, 2007, convicting defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 10 years, unanimously affirmed.

Defendant's claim that the evidence was legally insufficient to establish the element of serious physical injury (Penal Law § 10.00 [10]) is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find the verdict was based on legally sufficient evidence. We also find it was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that the victim's gunshot wound, which caused a pneumothorax, created a substantial risk of death (*see e.g. People v Thompson*, 224 AD2d 646 [1996], *lv denied* 88 NY2d 970 [1996])

The court properly declined to submit third-degree assault under a theory of criminal negligence (Penal Law § 120.00 [3]) as a lesser included offense, since there was no reasonable view of the evidence, viewed most favorably to defendant, to support that charge. The evidence established that the shooting was not only intentional but premeditated. There was no testimony or other evidence to support the alternative scenario posited by defense counsel, under which defendant merely pointed his weapon at the victim, who grabbed at the weapon, resulting in its discharge. This incident was recorded on surveillance videotapes, which show that even if the victim initially made a grabbing or swatting gesture toward the firearm, it did not discharge at that point. Instead, defendant stepped back and again aimed the weapon at the victim, who now put his hands in front of his face in a self-protective gesture that could not have made contact with defendant or his weapon, and defendant fired. Accordingly, there was nothing but speculation to support the request for a lesser included offense (see People v Negron, 91 NY2d 788, 792 [1998]; compare e.g. People v Fernandez, 64 AD3d 307 [2009]).

The court properly exercised its discretion in precluding defendant from eliciting from his mother, who was called as a defense witness, that after defendant's arrest the victim had a conversation with defendant's mother which included discussion of the victim's music business and financial situation. Defendant's offer of proof was insufficient to establish any basis for eliciting this testimony as evidence of the victim's bias against defendant (see People v Thomas, 46 NY2d 100, 105-106 [1978], appeal dismissed 444 US 891 [1979]). Defendant's claim that the victim was asking defendant's mother for a bribe in return for exculpating her son rested entirely on speculation. Furthermore, the court's ruling did not deprive defendant of a fair trial or affect the outcome of the case.

We perceive no basis for reducing the sentence, or for substituting a youthful offender adjudication. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Renwick and Richter, JJ.