# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**49**

**KA 12-00045**

PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

BARBARA J. GARNER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered July 1, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of assault in the first degree (Penal Law § 120.10 [1]). By failing to renew her motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review her challenge to the legal sufficiency of the evidence with respect to the element of serious physical injury (*see generally People v Brown*, 120 AD3d 1545, 1546, *lv denied* 24 NY3d 1082). In any event, that contention is without merit. The testimony of the People's medical expert that, if left untreated, the victim's pneumothorax created a significant risk of death is legally sufficient to establish the element of serious physical injury (*see People v Barbuto*, 126 AD3d 1501, 1502, *lv denied* 25 NY3d 1159; *People v Guillen*, 65 AD3d 977, 977, *lv denied* 13 NY3d 939). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to preserve for our review her contention that she was denied a fair trial based on prosecutorial misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant likewise failed to preserve for our review her contention that County Court, in determining the sentence to be imposed, penalized her for exercising

her right to a jury trial (*see People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862; *People v Brink*, 78 AD3d 1483, 1485, *lv denied* 16 NY3d 742, *reconsideration denied* 16 NY3d 828).  In any event, that contention is without merit.  "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [her] right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (*Brink*, 78 AD3d at 1485 [internal quotation marks omitted]).  "In addition, '[t]he fact that defendant's sentence was greater than that of [her] codefendant[, who accepted a plea agreement,] does not substantiate [her contention] that [she] was improperly punished for going to trial' " (*People v Smith*, 90 AD3d 1565, 1567, *lv denied* 18 NY3d 998).  Defendant's sentence is not unduly harsh or severe.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court