# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

630

KA 14-01744

PRESENT: SMITH, J.P., CENTRA, CARNI, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

MARTIN O. POPE, DEFENDANT-APPELLANT.

---

FRANK J. NEBUSH, JR., PUBLIC DEFENDER, UTICA (PATRICK J. MARTHAGE OF COUNSEL), FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered May 22, 2014. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the first degree (two counts) and criminal contempt in the second degree (three counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, two counts of criminal contempt in the first degree (Penal Law § 215.51 [b] [iv]). Defendant "failed to preserve for our review [his] contention that County Court, in determining the sentence to be imposed, penalized [him] for exercising [his] right to a jury trial" (*People v Garner*, 136 AD3d 1374, 1374, *lv denied* ___ NY3d ___ [Apr. 18, 2016]; *see People v Coapman*, 90 AD3d 1681, 1683-1684, *lv denied* 18 NY3d 956). In any event, that contention is without merit. "The mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting [his] right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (*Garner*, 136 AD3d at 1374-1375 [internal quotation marks omitted]). Moreover, "[g]iven that the *quid pro quo* of the bargaining process will almost necessarily involve offers to moderate sentences that ordinarily would be greater, it is also to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Martinez*, 26 NY3d 196, 200 [internal quotation marks omitted]). Finally, the sentence is not unduly harsh or severe.

Entered: July 1, 2016

Frances E. Cafarell
Clerk of the Court