■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE CHIN, Appellant. [49 NYS3d 517]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Konviser, J.), rendered October 17, 2009, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of murder in the second degree in connection with the shooting death of the victim on June 12, 2001.

The defendant's contention that the Supreme Court erred in admitting into evidence the recording of a 911 emergency telephone call by the victim's niece is unpreserved for appellate review (see CPL 470.05 [2]). In any event, contrary to the defendant's contention, the recording of the 911 call was properly admitted into evidence under the excited utterance and present sense impression exceptions to the hearsay rule, as the probative value of this evidence outweighed any prejudicial effect (see People v Wallace, 79 AD3d 1075, 1075-1076 [2010]; People v Carrenard, 56 AD3d 486 [2008]).

The defendant contends that he was deprived of a fair trial when the prosecutor elicited testimony from a police officer and the victim's niece regarding statements made by the victim's son at the scene, which improperly bolstered the testimony of the victim's son identifying the defendant as the shooter. The defendant's contention is partially unpreserved for appellate review, as he only raised a general objection with respect to the challenged testimony from the victim's niece (*see People v Leon*, 61 AD3d 776, 777 [2009]). In any event, the defendant's contention is without merit. If a proffered statement also meets the requirements to be admitted as an excited utterance, its admission would be proper, notwithstanding the characterization as a prior consistent statement (*see People v Buie*, 86 NY2d 501, 511 [1995]; *People v Coward*, 292 AD2d 630, 631 [2002]). Here, the Supreme Court properly admitted the testimony of the police officer and the victim's niece concerning the statements of the victim's son at the scene identifying the defendant as the shooter under the excited utterance exception to the hearsay rule, and that testimony did not constitute improper bolstering (*see People v Whitley*, 59 AD3d 746, 747 [2009]; *People v Stevens*, 57 AD3d 1515, 1516 [2008]; *People v Farrell*, 228 AD2d 693, 694 [1996]).

The record as a whole demonstrates that the defendant received effective assistance of counsel under both federal and state constitutional standards (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Chambers, J.P., Roman, LaSalle and Barros, JJ., concur.