# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**404**

**KA 15-00426**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KAHLID A. KABIR, DEFENDANT-APPELLANT.

---

LAW OFFICES OF MATTHEW J. RICH, P.C., ROCHESTER (MATTHEW J. RICH OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Daniel J. Doyle, J.), rendered January 13, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that Supreme Court erred in refusing to suppress the weapon because the police recovered it during the search of a home without a warrant. We agree with the court that, even assuming, arguendo, that defendant had standing to contest the warrantless search, the People established that the resident of the home voluntarily consented to the search (*see People v Nance*, 132 AD3d 1389, 1389, *lv denied* 26 NY3d 1091; *People v McCray*, 96 AD3d 1480, 1481, *lv denied* 19 NY3d 1104). In contending that the resident did not give consent, defendant improperly relies on testimony of the resident of the home at the first trial, which ended in a hung jury. " '[T]estimony subsequently elicited at trial may not be considered in connection with a challenge to a pretrial suppression determination' " (*People v McCurty* [appeal No. 2], 60 AD3d 1406, 1407, *lv denied* 12 NY3d 856; *see People v Cooper*, 59 AD3d 1052, 1054, *lv denied* 12 NY3d 852).

We reject defendant's further contention that the evidence is legally insufficient to establish that defendant was in possession of the firearm, inasmuch as the evidence "established a particular set of circumstances from which a jury could infer possession" (*People v Boyd*, 145 AD3d 1481, 1482 [internal quotation marks omitted]). An officer testified that, upon entering the home, he observed defendant

standing upstairs, holding a handgun.  Defendant retreated to a bedroom for a minute, and then came back out of the room without the gun.  When officers searched the room, they found a gun concealed under clothing in a dresser drawer.  Contrary to defendant's further contention, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that he was deprived of effective assistance of counsel based on defense counsel's failure to call a witness, i.e., the resident of the house, who testified at the first trial that ended in a hung jury.  That contention is based on matters outside the record on appeal and must be raised by a motion pursuant to CPL 440.10 (*see People v Streeter*, 118 AD3d 1287, 1289, *lv denied* 23 NY3d 1068, *reconsideration denied* 24 NY3d 1047; *People v Kaminski*, 109 AD3d 1186, 1186, *lv denied* 22 NY3d 1088).

Defendant failed to preserve for our review his contention that the sentence was a vindictive punishment for proceeding to trial (*see People v Pope*, 141 AD3d 1111, 1112), and that contention is without merit in any event (*see People v Garner*, 136 AD3d 1374, 1374-1375, *lv denied* 27 NY3d 997).  The sentence is not unduly harsh or severe.

Entered:  March 31, 2017                    Frances E. Cafarell
                                            Clerk of the Court