██ The People of the State of New York, Respondent, v Kenneth Jefferson, Appellant. [58 NYS3d 442]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered July 10, 2013, convicting him of burglary in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the in-court identification of the defendant and the denial, after a hearing, of the defendant's motion to suppress information obtained from a search of his cell phone.

Ordered that the judgment is affirmed.

On the afternoon of November 25, 2009, an individual (hereinafter the complainant) returned home to find that his apartment had been burglarized. He immediately went outside, where he observed a man walking away from the apartment building, carrying a duffel bag belonging to the complainant's wife. The complainant approached the man. As the man tried to flee, he dropped the duffel bag and a cell phone. The complainant picked up the cell phone and ran in the other direction, with the man in pursuit. A witness on the street confronted the man and tried to stop him from leaving the scene. The man then ran to a vehicle and was driven away by someone else. The witness recorded the license plate of the vehicle and reported it to the police, who traced it to the defendant and stopped him more than an hour later while he was driving the vehicle. The complainant then identified the defendant in a showup identification and the defendant was arrested.

The cell phone was given to the police. The police searched the cell phone, which was not protected by a passcode, and retrieved the phone number and IMEI number for the cell phone. This information was then used to obtain the subscriber information for the cell phone, which indicated that it was registered to the defendant.

After pretrial hearings, the hearing court granted that branch of the defendant's omnibus motion which was to suppress the showup identification, but allowed the complainant to make an in-court identification of the defendant. The court also denied the defendant's motion to suppress the information obtained from the search of his cell phone. After a jury trial,

the jury found the defendant guilty of burglary in the second degree and criminal possession of stolen property in the fifth degree.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the in-court identification of the defendant by the complainant. Contrary to the defendant's contention, the People met their burden of establishing by clear and convincing evidence that the complainant's observations of the defendant during the incident provided an independent basis for his in-court identification of the defendant (*see People v Gray*, 135 AD3d 874, 874 [2016]; *People v Brown*, 293 AD2d 686 [2002]; *People v Radcliffe*, 273 AD2d 483, 484 [2000]; *People v Androvett*, 135 AD2d 640, 642 [1987]).

The defendant's contention that the hearing court should have suppressed the information obtained from the search of his cell phone as being fruit of an illegal warrantless search is without merit. The People established that the defendant had abandoned his cell phone, and consequently, the Supreme Court properly denied the defendant's motion to suppress this evidence (*see generally People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]; *see also State of Washington v Samalia*, 186 Wash 2d 262, 275-277, 375 P3d 1082, 1088-1089 [2016]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Chambers, J.P., Miller, Maltese and Duffy, JJ., concur.