THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE LOPEZ-MIRALLES, Appellant. [60 NYS3d 446]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Corrigan, J.), rendered January 22, 2016, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt (*see People v Daniels*, 134 AD3d 525 [2015]; *People v Guillen*, 65 AD3d 977 [2009]; *People v Thompson*, 224 AD2d 646 [1996]).

Since the defendant opposed the People's request to charge the jury with assault in the second degree (Penal Law § 120.05 [2]) as a lesser-included offense of assault in the first degree (Penal Law § 120.10 [1]), the defendant waived his present contention that the Supreme Court erred in failing to submit that charge to the jury (*see People v Terrell*, 78 AD3d 865, 866 [2010]).

Contrary to the defendant's contention, the testimony of a police officer regarding a conversation with an unidentified individual did not violate his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution (*see* US Const 6th Amend; *Crawford v Washington*, 541 US 36 [2004]). The testimony at issue "was properly admitted for the relevant nonhearsay purpose of establishing the reasons behind the [officer's] actions, and to complete the narrative of events leading to the defendant's arrest" (*People v Prince*, 128 AD3d 987, 987 [2015] [internal quotations marks omitted]; *see People v Speaks*, 124 AD3d 689, 691 [2015], *affd* 28 NY3d 990 [2016]; *People v Grant*, 122 AD3d 643, 644 [2014]; *People v Ragsdale*, 68 AD3d 897, 897-898 [2009]). Further, the Supreme Court specifically instructed the jury on the limited purpose of this testimony and that the testimony was not admitted for its

truth (*see People v Prince*, 128 AD3d at 987; *People v Johnson*, 40 AD3d 1011, 1012 [2007]).

The defendant's contention that he was deprived of a fair trial by statements made by the prosecutor during her opening statement and on summation is unpreserved for appellate review because defense counsel did not object to the challenged remarks (*see* CPL 470.05 [2]; *People v Bell*, 136 AD3d 838, 839 [2016]). In any event, the defendant's contention is without merit, as the challenged remarks were either fair comment on the evidence and reasonable inferences to be drawn therefrom, or fair response to arguments made by defense counsel in summation (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Coleman*, 148 AD3d 717, 718 [2017]). Mastro, J.P., Dillon, Cohen and Brathwaite Nelson, JJ., concur.