People v Spencer (2018 NY Slip Op 03427)





People v Spencer


2018 NY Slip Op 03427


Decided on May 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 10, 2018

Richter, J.P., Manzanet-Daniels, Webber, Oing, Moulton, JJ.


6499 5548/13

[*1]The People of the State of New York, Respondent,
v
Mark Spencer, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (David Crow of counsel), and Patterson Belknap Webb & Tyler LLP, New York (Andrew L. Kincaid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J.), rendered October 14, 2015, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of five years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence supported the inference that defendant intended to cause serious physical injury. Serious physical injury was both the actual, and the "natural and probable consequence[]" of this conduct (People v Bueno, 18 NY3d 160, 169 [2011]; see People v Martinez, 224 AD2d 254 [1st Dept 1996], lv denied 88 NY2d 989 [1996]).
In its charge on the defense of justification, the court correctly submitted to the jury the issue of whether defendant used deadly or nondeadly physical force, and explained the requirements for the use of each type of force. We reject defendant's argument that his conduct did not constitute deadly physical force because he only used his fist to administer the barrage of punches. Even if, in general, punching normally constitutes nondeadly force, here the evidence supported an inference that "under the circumstances in which it [was] used," the force at issue was "readily capable of causing death or other serious physical injury" (Penal Law § 10.00[10]). The fact that defendant's use of force undisputedly caused very serious injuries was naturally relevant to whether it was "readily capable" of causing such injury, and the court properly took the nature of the injuries into consideration.
The court also correctly instructed the jury that a defendant who continues to use force after no longer reasonably believing such force to be necessary for self-defense may be criminally liable for harm caused by the unjustified additional force, and that the jury should separately consider each successive punch in that light (see People v Del-Debbio, 244 AD2d 195, 195 [1st Dept 1997], lv denied 91 NY2d 925 [1998]). Although Del-Debbio and other cases involving this principle involved the use of deadly force, defendant's suggestion that the principle does not apply to nondeadly force has no logical basis. This rule stems from the general requirement that all use of force under Penal Law § 35.15 be reasonably necessary (see People v Goetz, 68 NY2d 96, 106 n 5 [1986]). In this case, the jury could have found that the first punch rendered the victim plainly harmless, so that any additional use of force was unnecessary, and that the additional force caused serious physical injury.
Defendant's remaining challenge to the justification charge is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 10, 2018
CLERK