People v Brownfield (2020 NY Slip Op 05913)





People v Brownfield


2020 NY Slip Op 05913


Decided on October 21, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 21, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
BETSY BARROS, JJ.


2017-13359
 (Ind. No. 6281/16)

[*1]The People of the State of New York, respondent,
v
Shakie Brownfield, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant. 
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Andrew S. Ayala of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miriam Cyrulnik, J.), rendered November 15, 2017, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of a fair trial by the admission of certain hearsay statements which improperly bolstered the complainant's testimony is partially unpreserved for appellate review (see CPL 470.05[2]; People v Chin, 148 AD3d 925, 926). In any event, the defendant's contention is without merit. The testimony of the complainant and a police officer regarding a statement made by the complainant shortly after the crime identifying the defendant as the one who stabbed him was admissible under the excited utterance exception to the hearsay rule, and did not constitute improper bolstering (see People v Chin, 148 AD3d at 926). Further, the testimony of the police officer that he arrested the defendant and released another individual after speaking to a woman was properly admitted to complete the narrative and explain the sequence of events leading to the defendant's arrest (see People v Grace, 179 AD3d 1092, 1092-1093).
The defendant's contention that the evidence was legally insufficient to establish the serious physical injury element of assault in the first degree beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Chestnut, 149 AD3d 772, 773). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the complainant sustained a serious physical injury within the meaning of Penal Law § 10.00(10) (see People v Rudenko, 151 AD3d 1084). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348; People v Romero, 7 NY3d 633).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., LEVENTHAL, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court