People v Bowman (2021 NY Slip Op 04758)





People v Bowman


2021 NY Slip Op 04758


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2020-03126
 (Ind. No. 1241/18)

[*1]The People of the State of New York, respondent,
v
Daquan M. Bowman, appellant.


The Law Office of Joseph A. Lobosco, PLLC, Rochester, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Michael J. Curtis of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry Kron, J., at plea; Gia Morris, J., at sentence), rendered February 19, 2020, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial pursuant to CPL 30.30(1)(a). In felony cases, the People are required to be ready for trial within six months after the commencement of the criminal action (see CPL 30.30[1][a]]; People v Beasley, 16 NY3d 289, 291; People v Carter, 91 NY2d 795, 798). In this case, the relevant six-month period was 181 days. "Excludable periods include, inter alia, reasonable periods of delay resulting from other proceedings concerning the defendant, such as pretrial motions, or continuances obtained on consent or at the request of the defendant" (People v Murray, 154 AD3d 881, 882; see CPL 30.30[4][a], [b]). Here, 176 days that the court determined were chargeable to the People are not in dispute.
Contrary to the defendant's contention, the Supreme Court properly charged 11 days to the People, rather than 14 days, in connection with a two-week adjournment they sought to respond to a motion by the defendant. The court properly, in effect, credited the People with 3 days due to the defendant's 3-day delay in filing the motion, which shortened the People's time to respond under the briefing schedule set by the Court. "Inasmuch as the Legislature intended CPL 30.30 to address delays caused by the People, the time required for defendant's pretrial motions and his requested adjournments should be excluded" (People v Worley, 66 NY2d 523, 527).
Further, the Supreme Court properly excluded the five-day period from June 14, 2019, to June 19, 2019, from the time chargeable to the People. Once the People have announced their readiness, they will only be charged with delays that are attributable to their inaction and that directly implicate their ability to proceed with trial (see People v Nielsen, 306 AD2d 500). In general, the People are "entitled to a reasonable time to respond" to a defense motion (see People v Anderson, 216 AD2d 309). Here, based upon the prosecutor's trial schedule, the People sought [*2]and obtained a five-day extension of time to respond to the defendant's motion. Inasmuch as the delay was not unreasonable and the People had a legitimate reason to seek additional time, which reason was explained to the court at the time the extension was sought, the court properly excluded the five-day period from the time chargeable to the People (see People v Holden, 260 AD2d 233, 235; cf. People v Owens, 209 AD2d 549, 550).
The defendant's remaining contention that one additional day should have been charged to the People is unpreserved for appellate review. Since the contention is academic in light of our determination regarding the other time periods at issue on the appeal, we decline to review it in the exercise of our interest of justice jurisdiction.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court