People v Pinnock (2022 NY Slip Op 00437)





People v Pinnock


2022 NY Slip Op 00437


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2014-07721
 (Ind. No. 8332/12)

[*1]The People of the State of New York, respondent,
v
Carl Pinnock, appellant.


Patricia Pazner, New York, NY (Benjamin Welikson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sheryl L. Parker, J.), rendered July 22, 2014, convicting him of assault in the second degree, assault in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish that the complainant suffered a "physical injury" (Penal Law § 10.00[9]) to support his convictions of assault in the second degree and assault in the third degree is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court properly denied the defendant's request to instruct the jury with regard to the defense of justification. Viewing the record in the light most favorable to the defendant, there is no reasonable view of the evidence which might objectively support a belief that the defendant was in danger of being physically harmed by the complainant at the time the defendant used force against him (see Penal Law § 35.15; People v Sparks, 29 NY3d 932, 934; People v Petty, 7 NY3d 277).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court