People v Gutierrez (2022 NY Slip Op 05543)

People v Gutierrez

2022 NY Slip Op 05543

Decided on October 5, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 5, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-05485
 (Ind. No. 281/16)

[*1]The People of the State of New York, respondent,
v
Victor Gutierrez, appellant.

Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Mario F. Mattei, J.), rendered April 5, 2019, convicting him of assault in the first degree, assault in the second degree, burglary in the first degree (two counts), criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and sentencing him to (1) consecutive determinate terms of imprisonment of 20 years, to be followed by 3 years of postrelease supervision, on the conviction of assault in the first degree, and 5 years, to be followed by 3 years of postrelease supervision, on the conviction of assault in the second degree, (2) concurrent determinate terms of imprisonment of 10 years, to be followed by 3 years of postrelease supervision, on each conviction of burglary in the first degree, to run consecutively to the sentences imposed on the convictions of assault in the first degree and assault in the second degree, (3) an indeterminate term of imprisonment of 2 to 6 years on the conviction of criminal possession of a weapon in the third degree, to run concurrently with the sentences imposed on all other counts, and (4) a definite term of imprisonment of 1 year on the conviction of resisting arrest, to run concurrently with the sentences imposed on all other counts.
ORDERED that the judgment is modified, on the law, by providing that the sentences imposed on the convictions of burglary in the first degree shall run concurrently with the sentences imposed on the convictions of assault in the first degree and assault in the second degree; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly denied his motion to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial pursuant to CPL 30.30(1)(a). Where a defendant is charged with a felony, the People must be ready for trial within six months of the commencement of the criminal action, not including excludable periods (see CPL 30.30[1][a]; People v Brown, 28 NY3d 392, 403; People v Connell, 185 AD3d 1048, 1049). Here, the six-month period amounts to a total of 182 days, which commenced with the filing of the felony complaint on October 3, 2016 (see CPL 1.20[17]; People v Cox, 161 AD3d 1100). Upon review of the record, the total time chargeable to the People was less than 182 days (see CPL 30.30[4]; People v Bowman, 197 AD3d 714; People v Rosa, 171 AD3d 1099; People v Cox, 161 AD3d at 1100; People v Barnes, 160 AD3d 890; People v Chardon, 83 AD3d 954).
The defendant's contentions that the evidence was legally insufficient to establish the serious physical injury element of his conviction of assault in the first degree and the physical injury element of his conviction of assault in the second degree beyond a reasonable doubt are unpreserved for appellate review (see CPL 470.05[2]; People v Pinnock, 201 AD3d 956; People v Brownfield, 187 AD3d 1036, 1037). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the victim sustained a serious physical injury within the meaning of Penal Law § 10.00(10) so as to support the defendant's conviction of assault in the first degree (see People v Rudenko, 151 AD3d 1084; People v Garner, 136 AD3d 1374; People v Guillen, 65 AD3d 977; People v Almonte, 7 AD3d 324; People v Thompson, 224 AD2d 646), and that another victim sustained a physical injury within the meaning of Penal Law § 10.00(9) so as to support the defendant's conviction of assault in the second degree (see People v Webster, 140 AD3d 1196; People v Burrell, 120 AD3d 911; People v Spratley, 96 AD3d 1420; People v Sutton, 161 AD2d 612). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt for these crimes was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348; People v Romero, 7 NY3d 633). Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel due to trial counsel's failure to preserve for appellate review his claim of legal insufficiency, "because an attorney is not deemed ineffective for failing to pursue an argument that had little or no chance of success" (People v Ennis, 11 NY3d 403, 415; see People v Stultz, 2 NY3d 277, 287; People v Tahir Naqvi, 132 AD3d 779, 781).
We agree with the defendant that the crimes of burglary in the first degree did not involve disparate or separate acts from the crimes of assault in the first degree and assault in the second degree so as to support imposing sentences on the convictions of burglary in the first degree to run consecutively to the sentences imposed on the convictions of assault in the first degree and assault in the second degree. Therefore, the sentences imposed on the convictions of burglary in the first degree must run concurrently with the sentences imposed on the convictions of assault in the first degree and assault in the second degree (see Penal Law § 70.25[2]; People v Laureano, 87 NY2d 640, 643; People v Wilkinson, 185 AD3d 734, 738; People v Gabbidon, 272 AD2d 411, 411-412).
The sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court