People v Gomez (2024 NY Slip Op 01317)

People v Gomez

2024 NY Slip Op 01317

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2019-09239
 (Ind. No. 8/19)

[*1]The People of the State of New York, respondent, 
v
Dominique Gomez, appellant.

John A. Cirando, Syracuse, NY (Rebecca L. Konst and Brandon R. White of counsel), for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered July 1, 2019, convicting him of predatory sexual assault, criminal sexual act in the first degree, burglary in the first degree, assault in the first degree, attempted robbery in the first degree, strangulation in the second degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of predatory sexual assault, criminal sexual act in the first degree, burglary in the first degree, assault in the first degree, and related charges, arising out of a sexual assault of the complainant, a neighbor of the defendant, in the complainant's home while her then five-year-old daughter was present in the home.
The defendant's contention that he received ineffective assistance of counsel is without merit. To the extent that the defendant contends that his counsel was ineffective for failing to challenge the search of the defendant's cell phone, under the circumstances of this case, the cell phone was abandoned and thus such a motion would have had no likelihood of success (see People v Ward, 169 AD3d 833; People v Jefferson, 151 AD3d 1078). The defendant's contention, in effect, that, even if the cell phone was abandoned, since it was password protected, its contents were not abandoned, is a novel issue with no dispositive authority in this State and therefore trial counsel was not ineffective for failing to move to suppress on a ground that is neither clear-cut nor dispositive (see People v McGee, 20 NY3d 513, 518; People v Walker, 188 AD3d 1274, 1275). Viewing the record as a whole, we find that the defendant was provided with meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Bell, 188 AD3d 904, 907).
The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity as the perpetrator [*2]beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the jury's finding that the defendant was the perpetrator was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
With respect to the defendant's convictions of assault in the first degree, predatory sexual assault, and attempted robbery in the first degree, his contention that the evidence was legally insufficient to establish that the complainant suffered a serious physical injury is without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d at 621), we find that it was legally sufficient to establish that the complainant sustained a serious physical injury within the meaning of Penal Law § 10.00(10) (see People v Lormil, 134 AD3d 958, 959). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d at 410; People v Bleakley, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt on each of these counts was not against the weight of the evidence (see People v Danielson, 9 NY3d at 348; People v Gutierrez, 209 AD3d 669, 671).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., CHAMBERS, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court