People v Heverly (2024 NY Slip Op 04656)

People v Heverly

2024 NY Slip Op 04656

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

556 KA 22-01957

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH P. HEVERLY, DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Patrick F. McAllister, A.J.), rendered June 14, 2021. The judgment convicted defendant upon a jury verdict of tampering with physical evidence and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and tampering with physical evidence (§ 215.40 [2]), defendant contends that he was deprived of effective assistance of counsel because his trial attorney failed to pursue suppression of tangible property seized from him during a traffic stop. Although defense counsel sought such relief in an omnibus motion and County Court granted a Mapp hearing to determine the admissibility of the evidence in question, no Mapp hearing was ever held. It appears that defense counsel abandoned the issue of suppression of physical evidence after filing the motion, and drugs seized from defendant as a result of the traffic stop were admitted at trial against him. According to defendant, there was no legitimate or strategic reason for defense counsel to abandon the suppression issue and this single error by defense counsel deprived defendant of effective assistance of counsel. We reject that contention.
"It is well settled that even a single error or failure to make an argument may amount to ineffective assistance of counsel, despite otherwise competent representation, where that error is sufficiently egregious and prejudicial" (People v Bovee, 221 AD3d 1549, 1550 [4th Dept 2023], lv denied 41 NY3d 982 [2024]; see People v McGee, 20 NY3d 513, 518 [2013]), and "[t]he failure to move for suppression may seriously compromise a defendant's right to a fair trial such that it may . . . qualify as ineffective representation" (People v Rossborough, 122 AD3d 1244, 1245 [4th Dept 2014]).
While "[t]here can be no denial of effective assistance of trial counsel arising from [defense] counsel's failure to 'make a motion or argument that has little or no chance of success' " (People v Caban, 5 NY3d 143, 152 [2005], quoting People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]), "the standard to be applied is whether defense counsel failed to file [or pursue] a 'colorable' motion and, if so, whether [defense] counsel had a strategic or legitimate reason for failing to do so" (People v Carver, 124 AD3d 1276, 1279 [4th Dept 2015], affd 27 NY3d 418 [2016], quoting People v Garcia, 75 NY2d 973, 974 [1990]; cf. McGee, 20 NY3d at 518; People v Brunner, 16 NY3d 820, 821 [2011]). "Although neither the Court of Appeals nor the Appellate Division has defined colorable in this context, the term is elsewhere defined as appearing to be true, valid, or right . . . Federal courts have described a colorable claim as one that has a fair probability or a likelihood, but not a certitude, of success on the merits" (Carver, 124 AD3d at 1279).
Here, we conclude that defendant has failed to establish that he was likely to prevail on any motion seeking suppression of physical evidence and that defense counsel's single alleged error in abandoning the omnibus motion to that extent was therefore not so egregious as to deprive defendant of meaningful representation. The evidence at defendant's Huntley hearing established that he consented to a search of his person upon exiting the vehicle in which he was a passenger. With respect to defendant's abandoned request for suppression of the physical evidence obtained by the police as a result of that search, the question becomes whether the officer exceeded the scope of defendant's consent when he pulled defendant's underwear away from his body, revealing baggies of controlled substances near defendant's genitals. Inasmuch as the Huntley hearing was solely focused on the admission of defendant's statements, none of the witnesses testified regarding the scope of defendant's consent for the search of his person. While we cannot consider trial testimony or trial evidence on review of an actual suppression ruling (see People v Gonzalez, 55 NY2d 720, 721-722 [1981], rearg denied 55 NY2d 1038 [1982], cert denied 456 US 1010 [1982]; see also People v Carmona, 82 NY2d 603, 610 n 2 [1993]; People v Kabir, 148 AD3d 1802, 1803 [4th Dept 2017]), we consider it to determine whether defendant had a colorable motion to suppress physical evidence to support his claim of ineffective assistance of counsel (see People v Rivera, 71 NY2d 705, 709 [1988]).
At trial, the arresting officer testified that defendant was flailing around in the passenger seat at the time of the stop and, upon the officer's approach, he observed defendant with his hands in the genital area of his pants. The officer also reiterated his hearing testimony that defendant consented to a search of his person. At the time defendant exited the vehicle, the button and zipper to his pants was open. After conducting his "normal search," the officer removed the waistband of defendant's underwear from his stomach and observed the contraband.
Defendant testified at trial that he placed the contraband in his pants and that, after he heard the driver inform the police officers that she saw defendant "stuff[ ] something" in his pants, he got "pissed off" and opened his pants. Despite defendant's contention that he consented to only a pat search of his clothing, we conclude that the officer's search of his underwear did not exceed the scope of defendant's consent.
" 'The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?' " (People v Gomez, 5 NY3d 416, 419 [2005], quoting Florida v Jimeno, 500 US 248, 251 [1991]; see People v Hall, 35 AD3d 1171, 1171 [4th Dept 2006], lv denied 8 NY3d 923 [2007]). Here, defendant's conduct in voluntarily unbuttoning and unzipping his own pants established that the scope of his consent included a search of the inside of his clothing (see People v Meredith, 49 NY2d 1038, 1039 [1980]; People v Facen, 117 AD3d 1463, 1464 [4th Dept 2014], lv denied 23 NY3d 1020 [2014]; cf. People v Crespo, 29 Misc 3d 1203[A], 2010 NY Slip Op 51680[U], *5 [Sup Ct, NY County 2010]), especially considering that defendant knew when he consented to the search that the officer suspected that defendant had hid something down his pants. We therefore conclude that defendant failed to establish a likelihood of success on the merits of a motion to suppress the evidence seized from his underwear and, as a result, failed to establish that he was denied effective assistance of counsel (see generally Caban, 5 NY3d at 152). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant further contends that he was denied a fair trial by evidentiary errors and prosecutorial misconduct. Even assuming, arguendo, that there were evidentiary errors, those errors related solely to the charge for which defendant was acquitted and, as a result, we deem any such errors harmless (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Liberatore, 167 AD2d 425, 426 [2d Dept 1990], lv denied 78 NY2d 956 [1991]).
With respect to the alleged instances of prosecutorial misconduct, defendant failed to object to the challenged actions of the prosecutor and, as a result, his challenges to those statements are not preserved for our review (see People v Santiago, 195 AD3d 1460, 1461 [4th Dept 2021], lv denied 37 NY3d 1099 [2021]; People v Boyd [appeal No. 2], 184 AD3d 1151, 1154 [4th Dept 2020]). We decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We note that the uniform sentence and commitment form contains an inaccurate citation to Penal Law § 215.40 (5) rather than the correct citation, Penal Law § 215.40 (2). The uniform sentence and commitment form must therefore be amended to correct that clerical error (see People v Glowacki, 159 AD3d 1585, 1586 [4th Dept 2018], lv denied 31 NY3d 1117 [2018]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court