■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAQUILLE MC., Appellant. [981 NYS2d 596]—

Appeals by the defendant from two judgments of the Supreme Court, Westchester County (Neary, J.), both rendered March 6, 2013, convicting him of robbery in the second degree under indictment No. 12-00529, upon his plea of guilty, and adjudicating him a youthful offender upon his plea of guilty to assault in the second degree under indictment No. 12-01380, and imposing sentences.

Ordered that the judgment rendered under indictment No. 12-01380 is affirmed; and it is further,

Ordered that the judgment rendered under indictment No. 12-00529 is modified, on the law, by vacating the imposition of a DNA databank fee; as so modified, the judgment rendered under indictment No. 12-00529 is affirmed.

On August 23, 2012, the defendant entered a plea of guilty to robbery in the second degree in full satisfaction of indictment No. 12-00529. Subsequent to the entry of his first plea, the defendant committed a new crime and, on February 6, 2013, the defendant entered a plea of guilty to assault in the second degree in full satisfaction of indictment No. 12-01380. At sentencing, on March 6, 2013, the defendant asked for youthful offender status with respect to both convictions. The court granted youthful offender status with respect to indictment No. 12-00529, but declined to do so with respect to indictment No. 12-01380.

The defendant contends that, because the sentencing court granted him youthful offender status with respect to indictment No. 12-00529, it was required to do so with respect to indictment No. 12-01380. The defendant was not convicted of two crimes set forth in separate counts of a single indictment, nor was he convicted of two crimes set forth in two separate indictments consolidated for trial purposes (see CPL 720.20 [2]). Therefore, the sentencing court was authorized in its discretion to determine that the defendant was a youthful offender with respect to either or both convictions (see People v Cecil Z., 57 NY2d 899, 902 [1982]). Accordingly, the sentencing court properly determined that it may find the defendant a youthful offender with respect to his conviction under indictment No. 12-00529, but not with respect to his conviction under indictment No. 12-01380.

Contrary to the defendant's contention, the mandatory surcharge could properly be imposed upon a person adjudicated a youthful offender (see Penal Law §§ 60.02 [3]; 60.35 [10]). However, as the People correctly concede, the DNA databank

fee imposed on the judgment rendered under indictment No. 12-00529 should be vacated, since the Penal Law does not permit the imposition of a DNA databank fee on a youthful offender (*see* Penal Law §§ 60.02 [3]; 60.35 [10]). Rivera, J.P., Dickerson, Cohen, Hinds-Radix and Maltese, JJ., concur.