People v Turner (2019 NY Slip Op 05718)





People v Turner


2019 NY Slip Op 05718


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

108907

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JASON R. TURNER JR., Appellant.

Calendar Date: June 5, 2019

Before: Lynch, J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Lisa A. Burgess, Indian Lake, for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered October 12, 2016, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.
Defendant waived indictment and pleaded guilty to burglary in the third degree and waived his right to appeal and, in exchange, sentencing was adjourned and he was placed on one year of interim probation (see CPL 390.30 [6]). The charge stems from defendant's admitted conduct in entering a home with others to steal marihuana while armed with a BB gun. Under the terms of the initial agreement, County Court promised defendant that if he complied with the terms and conditions of probation, he would be permitted to withdraw his guilty plea and enter a guilty plea to a misdemeanor, receive a sentence of two years of probation and be adjudicated a youthful offender (see Penal Law § 65.10). Defendant was advised that, if he violated the terms of his probation, he faced a maximum potential prison sentence of 2&frac13; to 7 years, with no promise regarding youthful offender treatment. Defendant was subsequently arrested on new charges and charged with violating several terms of his probation by, among other things, failing to report to his probation officer or to appear for a scheduled substance abuse evaluation and admittedly to violating his curfew. The parties thereafter reached a new agreement resolving all pending matters, which contained no promises regarding youthful offender treatment. Pursuant thereto, defendant admitted to violating several conditions of his interim probation, including committing petit larceny while on probation. As part of the agreement, defendant pleaded guilty to another, unrelated charge for which he was adjudicated a youthful offender (hereinafter the unrelated charge)[FN1]. With regard to his earlier guilty plea to burglary, County Court revoked [*2]defendant's interim probation, denied his request to be adjudicated a youthful offender and sentenced him to a prison term of 2 to 6 years, to be served concurrently with the prison sentence on the unrelated charge. Defendant appealed [FN2] and, when this case was previously before this Court, we rejected counsel's Anders brief, withheld decision and assigned new counsel to represent defendant on appeal (166 AD3d 1074 [2018]).
Defendant argues that County Court erred in not adjudicating him a youthful offender on the burglary conviction, and that the sentence imposed thereon was unlawful. Initially, defendant validly waived his right to appeal at the time that he pleaded guilty to the burglary charge (see People v Lopez, 6 NY3d 248, 256 [2009]). However, that original appeal waiver does not preclude his current challenge to the sentence subsequently imposed on the burglary charge upon his admission to violating probation as part of the new agreement reached to resolve all charges (see People v Montpetit, 170 AD3d 1341, 1342 [2019]; People v Vallance, 137 AD3d 1327, 1327-1328 [2016]). Further, the record does not reflect that defendant validly waived his right to appeal specifically with respect to the admission to, and disposition of, the probation violation and ultimate sentencing on the burglary charge (see People v Leflore, 154 AD3d 1164, 1165 [2017], lv denied 30 NY3d 1106 [2018]; cf. People v Marable, 164 AD3d 1542, 1543 [2018], lv denied 32 NY3d 1126 [2018]; People v Burks, 163 AD3d 1268, 1268-1269 [2018])[FN3]. Moreover, under both agreements, County Court remained obligated to consider whether youthful offender treatment was appropriate on the burglary charge, as required (see People v Rudolph, 21 NY3d 497, 500-503 [2013]; see also CPL 720.20 [1]; People v Minemier, 29 NY3d 414, 418-419 [2017]).
Defendant's primary contention is that County Court, having adjudicated him as a youthful offender on the unrelated charge, was also required to adjudicate him a youthful offender on the burglary charge. This is incorrect. Defendant relies upon CPL 720.20 (2), which provides, as relevant here, that, "[w]here an eligible youth is convicted of two or more crimes . . . set forth in two or more accusatory instruments consolidated for trial purposes, the court must not find [the youth] a youthful offender with respect to any such conviction . . . unless it finds him a youthful offender with respect to all such convictions" (emphasis added). Contrary to defendant's erroneous supposition, the accusatory instruments to which he pleaded guilty, i.e., the superior court informations charging him with burglary and the unrelated crime, were never "consolidated for trial purposes" so as to require a youthful offender adjudication on both or neither of the convictions (CPL 720.20 [2]; see People v Michael A. C., 128 AD3d 1359, 1360 [2015], lvs denied 25 NY3d 1167, 1168 [2015]; People v Shaquille Mc., 115 AD3d 772, 773 [2014]). Although both accusatory instruments were ultimately resolved under a joint agreement, defendant pleaded guilty to two separate superior court informations, and the record does not reflect that either party moved to consolidate them, that they were ordered joined for trial or, indeed, that they could have been properly joined (see CPL 200.20 [2], [4]; see also CPL 200.15). Consequently, "the sentencing court was authorized in its discretion to determine that the defendant was a youthful offender with respect to either or both convictions" (People v Shaquille Mc., 115 AD3d at 773), and was not compelled to confer youthful offender status at sentencing on the burglary conviction.
To the extent that defendant challenges County Court's exercise of discretion in denying youthful offender treatment, "the decision to grant or deny youthful offender status rests within the sound exercise of the sentencing court's discretion and, absent a clear abuse of that discretion, its decision will not be disturbed" (People v Wilson, 165 AD3d 1323, 1324 [2018] [internal quotation marks, brackets and citations omitted]). Among the relevant factors taken into consideration are "the gravity of the crime and manner in which it was committed, mitigating circumstances, the defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, the defendant's reputation, the level of cooperation with authorities, the defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (id. [internal quotation marks, brackets and citations omitted]). The record reflects that, in declining to adjudicate defendant a youthful offender on the burglary conviction, the court reviewed the updated presentence report, which reflected his substantial criminal history in Virginia dating back to 2014 for which he was on probation or parole at the time of the burglary. The court also considered defendant's ongoing criminal conduct before and after the burglary, and defense counsel's arguments that defendant, age 17 at the time of the crime, had been influenced by his addiction to marihuana and deserved youthful offender status on both convictions. After examining the foregoing, the court concluded that youthful offender treatment was not appropriate for the burglary conviction given that it involved a home invasion in which defendant was armed with a weapon, and in light of his prior and subsequent criminal conduct. Under these circumstances, we do not find that the court abused it discretion (see People v Wilson, 165 AD3d at 1325; People v Jayden A., 159 AD3d 1284, 1285 [2018], lv denied 31 NY3d 1118 [2018]). Accordingly, the imposition of a prison sentence of 2 to 6 years was lawful (see Penal Law §§ 70.00 [2] [d]; [3] [b]) and consistent with the parameters of the sentencing promise under the new agreement. Defendant's remaining claims have been considered and determined to also lack merit.
Lynch, J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: The unrelated charge was committed prior to defendant being placed on interim probation, whereas the petit larceny was committed while defendant was on interim probation. Under the terms of the plea agreement, defendant admitted committing petit larceny and agreed to enter a guilty plea to that charge, which was then pending in another court.

Footnote 2: Defendant's appeal from the youthful offender adjudication was resolved separately.

Footnote 3: Although County Court elicited a waiver of appeal during the plea allocution to the unrelated charge, the colloquy was not clear that the waiver also applied to the admission to violating probation and the sentence to be imposed with regard to his prior guilty plea to burglary and the decision whether to grant youthful offender treatment thereon. The written waiver of appeal executed in court in connection with the unrelated charge likewise failed to provide that it applied to his admission to violating probation and the sentence imposed on the burglary charge.