People v Kahrone H. (2022 NY Slip Op 02281)

People v Kahrone H.

2022 NY Slip Op 02281

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2018-01706 
2018-01707
2018-01708

[*1]The People of the State of New York, respondent,
v
Kahrone H. (Anonymous), appellant. (Ind. Nos. 1035/17, 3275/17, S.C.I. No. 15807/17)

Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel; Robert Ho on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered November 3, 2017, adjudicating him a youthful offender, upon his plea of guilty to robbery in the third degree under Indictment No. 1035/17, and imposing sentence, (2) a judgment of the same court rendered November 3, 2017, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of a weapon in the second degree under Indictment No. 3275/17, and imposing sentence, (3) a judgment of the same court rendered November 3, 2017, adjudicating him a youthful offender, upon his plea of guilty to petit larceny under Superior Court Information No. 15807/17, and imposing sentence.
ORDERED that the judgments are modified, on the law, by vacating so much of the sentences as imposed mandatory surcharges, DNA databank fees, and crime victim assistance fees; as so modified, the judgments are affirmed.
The defendant requests that the mandatory surcharges, DNA databank fees, and crime victim assistance fees imposed upon him at sentencing be vacated. The People concede that DNA databank fees may not be imposed upon a youthful offender (see e.g. People v Trevor N., 122 AD3d 881; People v Shaquille Mc., 115 AD3d 772), but oppose vacating the mandatory surcharges and crime victim assistance fees. In 2020, the New York Legislature repealed the statutes that authorized a court to impose a mandatory surcharge and crime victim assistance fee upon a youthful offender (see L 2020, ch 144, §§ 3, 4; Penal Law §§ 60.02 [former 3]; 60.35 [former 10]). This Court has held that the 2020 amendments apply retroactively to cases, such as this one, that were pending on direct appeal on the effective date of the legislation (see People v Dyshawn B., 196 AD3d 638, 641). Accordingly, we modify the judgments to vacate so much of the sentences as imposed mandatory surcharges and crime victim assistance fees (see People v Henry P.-M., 196 AD3d 650, 651), as well as the DNA databank fees.
CONNOLLY, J.P., CHAMBERS, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court