People v Battle (2022 NY Slip Op 05702)

People v Battle

2022 NY Slip Op 05702

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-02347
 (Ind. No. 1474/15)

[*1]The People of the State of New York, respondent,
v
Laquan Battle, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Kings County (Miriam Cyrulnik, J.), imposed March 15, 2021, upon his convictions of manslaughter in the first degree and conspiracy in the second degree, upon his plea of guilty, after remittitur from this Court for resentencing (see People v Battle, 187 AD3d 1203).
ORDERED that the resentence is affirmed.
A finding of youthful offender status is permissible when "the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years" (CPL 720.20[1][a]; see People v Sheldon O., 169 AD3d 1062, 1063). "In making such a determination, factors to be considered by the court include the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life" (People v Sutton, 184 AD3d 236, 246 [internal quotation marks omitted]; see People v Sheldon O., 169 AD3d at 1063).
Here, despite the defendant's lack of a criminal record and the apparent rehabilitative strides he made while incarcerated, the Supreme Court did not improvidently exercise its discretion in declining to grant the defendant youthful offender status in light of the nature and circumstances of his offenses, which included fatally shooting a rival gang member and lengthy participation in a conspiracy to commit murder and other serious crimes against members of that rival gang (see People v Beyjones, 186 AD3d 848; People v Jearel, 175 AD3d 565, 566-567; People v Dhillon, 157 AD3d 900, 901).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court