People v Brendon V. (2022 NY Slip Op 06822)

People v Brendon V.

2022 NY Slip Op 06822

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2018-11582
2018-11583

[*1]The People of the State of New York, respondent,
v
Brendon . (Anonymous), appellant. (Ind. Nos. 3551/17, 7897/17)

Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Diane R. Eisner, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J.), rendered July 16, 2018, convicting him of assault in the second degree under Indictment No. 3551/17, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered July 16, 2018, adjudicating him a youthful offender, upon his plea of guilty to petit larceny under Indictment No. 7897/17, and imposing sentence.
ORDERED that the judgment rendered under Indictment No. 3551/17 is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of a mandatory surcharge, DNA databank fee, and crime victim assistance fee; as so modified, the judgment rendered under Indictment No. 3551/17 is affirmed; and it is further,
ORDERED that the judgment rendered under Indictment No. 7897/17 is modified, on the law, by vacating the imposition of a mandatory surcharge and crime victim assistance fee; as so modified, the judgment rendered under Indictment No. 7897/17 is affirmed.
The defendant entered pleas of guilty to assault in the second degree under Indictment No. 3551/17, and to petit larceny under Indictment No. 7897/17. At sentencing, the defendant requested youthful offender treatment with respect to both convictions. The Supreme Court granted the defendant youthful offender status in connection with Indictment No. 7897/17, but declined to do so with respect to Indictment No. 3551/17.
"If in the opinion of the court the interest of justice would be served by relieving [an] eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years, the court may, in its discretion, find the eligible youth is a youthful offender" (CPL 720.20[1][a]). "In making such a determination, factors to be considered by the court include 'the gravity of the crime and manner in which it was committed, mitigating circumstances, defendant's prior criminal record, prior acts of violence, recommendations in the presentence reports, defendant's reputation, the level of cooperation with authorities, defendant's attitude toward society and respect for the law, and the prospects for rehabilitation and hope for a future constructive life'" (People v Marcel G., 183 AD3d 667, 668, quoting People v Cruickshank, [*2]105 AD2d 325, 334, affd sub nom. People v Dawn Maria C., 67 NY2d 625; see People v Sutton, 184 AD3d 236, 246).
Here, despite the defendant's lack of a prior criminal record and the apparent rehabilitative strides he made while incarcerated, the Supreme Court providently exercised its discretion in declining to grant the defendant youthful offender status with respect to Indictment No. 3551/17 in light of the nature and circumstances of the offense, which resulted in severe long-term injuries to the complainant (see People v Battle, ___ AD3d ___, 2022 NY Slip Op 05702 [2d Dept]; People v Beyjones, 186 AD3d 848, 849; People v Jearel, 175 AD3d 565, 566-567; People v Dhillon, 157 AD3d 900, 901), and in light of the defendant's subsequent arrest and concurrent conviction for petit larceny under Indictment No. 7897/17 (see People v Bensabeur, 194 AD3d 736, 736; People v Booker, 111 AD3d 759, 760).
However, as consented to by the People, and pursuant to the exercise of our interest of justice jurisdiction, we modify the judgment rendered under Indictment No. 3551/17 by vacating the imposition of the mandatory surcharge and fees (see CPL 420.35[2-a][c]; People v Hunter, 203 AD3d 752, 753; People v Santillan, 200 AD3d 1074, 1075; People v Rudd, 200 AD3d 912; People v Dyshawn B., 196 AD3d 638).
Moreover, since the Supreme Court granted the defendant youthful offender status in connection with Indictment No. 7897/17, the mandatory surcharge and crime victim assistance fee imposed upon the defendant (see Penal Law § 60.35[1]) under Indictment No. 7897/17 must be vacated in light of the retroactive application of amendments repealing the imposition of mandatory surcharges and crime victim assistance fees for youthful offenders (see L 2020, ch 144, §§ 3, 4; People v Kahrone H., 204 AD3d 693, 694; People v Dyshawn B., 203 AD3d 739, 739; People v Dyshawn B., 196 AD3d at 641).
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court