People v Khalil H. (2025 NY Slip Op 06331)

People v Khalil H.

2025 NY Slip Op 06331

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
JAMES P. MCCORMACK
SUSAN QUIRK, JJ.

2023-05170 
2023-05172

[*1]The People of the State of New York, respondent,
v
Khalil H. (Anonymous), appellant. (S.C.I. No. 70263/22, Ind. No. 74775/22)

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Melissa Owen of counsel; Jordan Najah on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Danny Chun, J.), rendered May 17, 2023, adjudicating him a youthful offender, upon his plea of guilty to criminal possession of a weapon in the second degree under Superior Court Information No. 70263/22, and imposing sentence, and (2) a judgment of the same court also rendered May 17, 2023, convicting him of criminal possession of a weapon in the second degree under Indictment No. 74775/22, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment rendered under Superior Court Information No. 70263/22 is modified, on the law, by vacating the imposition of a mandatory surcharge and crime victim assistance fee; as so modified, the judgment rendered under Superior Court Information No. 70263/22 is affirmed; and it is further,
ORDERED that the judgment rendered under Indictment No. 74775/22 is modified, on the law and as a matter of discretion in the interest of justice, by vacating the imposition of a mandatory surcharge, DNA databank fee, and crime victim assistance fee; as so modified, the judgment rendered under Indictment No. 74775/22 is affirmed.
The statutory provisions authorizing the imposition of a mandatory surcharge and a crime victim assistance fee upon youthful offenders were repealed as of August 24, 2020, before the defendant was sentenced (see L 2020, ch 144 §§ 3, 4; former Penal Law §§ 60.35[10], 60.02[3]). As such, as the People concede, the Supreme Court had no authority to impose the mandatory surcharge and crime victim assistance fee in connection with the defendant's youthful offender adjudication under Superior Court Information No. 70263/22 (see People v Kahrone H., 204 AD3d 693, 694; People v Dyshawn B., 196 AD3d 638, 640). Accordingly, the mandatory surcharge and crime victim assistance fee imposed upon the defendant under Superior Court Information No. 70263/22 must be vacated.
With respect to the defendant's conviction under Indictment No. 74775/22, "Criminal Procedure Law § 420.35(2-a) permits the waiver of surcharges and fees for individuals, like the defendant, who were less than 21 years old at the time of the subject crime" (People v Cabrera, 222 [*2]AD3d 878, 879). Pursuant to the exercise of our interest of justice jurisdiction, and as consented to by the People, we modify the judgment rendered under Indictment No. 74775/22 by vacating the mandatory surcharge and fees imposed upon the defendant at sentencing (see CPL 420.35[2-a][c]; People v Dillon H., 229 AD3d 722, 723; People v Jaaber, 223 AD3d 685).
CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court