People v Daniel (2020 NY Slip Op 06542)





People v Daniel


2020 NY Slip Op 06542


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2019-05381

[*1]The People of the State of New York, respondent,
v
Rahmell Daniel, appellant. (S.C.I. No. 430/19)


Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Elena Tomaro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Richard Ambro, J.), imposed April 12, 2019, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal is invalid, as the County Court failed to ascertain "that the defendant understood the nature of the appellate rights being waived" and the consequences of waiving those rights (People v Thomas, 34 NY3d 545, 559). Furthermore, the court failed to indicate that certain rights are nonwaivable and incorrectly suggested that the waiver was an absolute bar to the taking of an appeal (see id. at 565-566; People v Suarez-Montoya, 183 AD3d 765). There also is no indication in the record that the written waiver form was read to the defendant, who is legally blind (see People v Cortez, 160 AD3d 893; People v Brown, 122 AD3d 133, 138-139), and thus, the written waiver cannot cure any deficiencies in the court's oral colloquy (see People v Brown, 122 AD3d at 140). Accordingly, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court