People v Santillan (2021 NY Slip Op 07562)





People v Santillan


2021 NY Slip Op 07562


Decided on December 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-11587
 (Ind. No. 10122/19)

[*1]The People of the State of New York, respondent,
v
Sergio Santillan, appellant.


Patricia Pazner, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Roni Piplani of counsel; Jacob Aboodi on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mary L. Bejarano, J.), rendered September 10, 2019, convicting him of criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating so much of the sentence as imposed mandatory surcharges and fees; as so modified, the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. The defendant's written waiver incorrectly stated that the appeal waiver included a forfeiture of the attendant right to counsel and poor person relief (see People v Brenner, 193 AD3d 875), and mischaracterized the appellate rights waived as encompassing an absolute bar to the pursuit of postconviction collateral relief, including relief pursuant to CPL 440.10 and 440.20 (see People v Thomas, 34 NY3d 545, 565-566; People v Reynolds, 186 AD3d 1535). These incorrect statements were not corrected by the Supreme Court during its oral appeal waiver colloquy (see People v Reynolds, 186 AD3d 1535). Moreover, during the oral appeal waiver colloquy, the court conflated the waiver of the right to appeal with the defendant's waiver of his right to a trial by pleading guilty (see People v Simpson, 184 AD3d 677, 678). In addition, the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Habersham, 186 AD3d 854, 854-855; People v Kang, 183 AD3d 640, 641).
However, contrary to the defendant's contention, the period of postrelease supervision imposed was not excessive (see People v Suitte, 90 AD2d 80).
As consented to by the People, we modify the judgment by vacating the mandatory surcharges and fees imposed on the defendant at sentencing (see People v Henry P.-M., 196 AD3d 650; People v Dyshawn B., 196 AD3d 638; People v Johnson, 193 AD3d 1076).
MILLER, J.P., BARROS, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court