People v Ali (2023 NY Slip Op 02677)

People v Ali

2023 NY Slip Op 02677

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2017-12410
2019-01925
 (Ind. No. 653/14)

[*1]The People of the State of New York, respondent,
v
Muhammed Ali, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Rebecca Nealon of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Kenneth C. Holder, J.), rendered September 28, 2017, convicting him of assault on a police officer, reckless endangerment in the second degree, and reckless driving, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court rendered January 31, 2019, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgments are affirmed.
By judgment rendered September 28, 2017, the defendant was convicted, upon a jury verdict, inter alia, of assault on a police officer when, in the course of evading arrest on another matter by Nassau County police officers on January 5, 2014, he pinned a Nassau County police officer between the front of his vehicle and the rear of a police vehicle. By judgment rendered January 31, 2019, the defendant was convicted, upon his plea of guilty, of attempted assault in the first degree for his conduct in the same January 5, 2014 incident relative to another Nassau County police officer.
With respect to the judgment rendered September 28, 2017, the defendant's contention that the evidence was legally insufficient to support his conviction of assault on a police officer is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gutierrez, 209 AD3d 669, 670). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish that the officer sustained a serious physical injury within the meaning of Penal Law § 10.00(10) (see People v Brownfield, 187 AD3d 1036, 1037; People v Rudenko, 151 AD3d 1084). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt as to the count of assault on a police officer was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
With respect to the judgment rendered January 31, 2019, the defendant's purported waiver of his right to appeal was invalid. The defendant's written waiver incorrectly stated that the appeal waiver included a forfeiture of the attendant right to counsel and poor person relief, mischaracterized the appellate rights waived as encompassing an absolute bar to the pursuit of postconviction collateral relief in both state and federal courts separate from direct appeal (see People v Thomas, 34 NY3d 545, 565-566; People v Santillan, 200 AD3d 1074, 1075; People v Morrison, 199 AD3d 707, 708; People v Habersham, 186 AD3d 854, 854), and incorrectly informed the defendant that the appellate waiver encompassed any issue that might arise with regard to a predicate felony adjudication or an enhanced sentence (see People v Reynolds, 186 AD3d 1535, 1535). These incorrect statements were not corrected by the Supreme Court during the oral appeal waiver colloquy on the record (see People v Santillan, 200 AD3d at 1075). Moreover, during the oral appeal waiver colloquy, the court conflated the waiver of the right to appeal with the defendant's waiver of his right to a trial by entering a plea of guilty (see id.; People v Chy, 184 AD3d 664, 665). However, the sentence imposed pursuant to that judgment was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention raised in Point II of his brief is without merit.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court