People v Vilmont (2023 NY Slip Op 02798)

People v Vilmont

2023 NY Slip Op 02798

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-03873
 (Ind. No. 1881/19)

[*1]The People of the State of New York, respondent 
v
Frantz Vilmont, appellant.

Leon M. Tracy, Jericho, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley, Jason R. Richards, and Rebecca L. Abensur of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered April 14, 2022, convicting him of endangering the welfare of a child, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and certain statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was charged with, inter alia, assaulting his two daughters, who were both minors at the time. In his omnibus motion, the defendant moved, among other things, to suppress two statements he made to law enforcement officials when he was interviewed at his daughter's school, and physical evidence recovered from the police's seizure of his two cell phones, an LG model and an Apple iPhone seized from the defendant. After a suppression hearing, the Supreme Court denied those branches of the defendant's omnibus motion. Subsequently, the defendant entered a plea of guilty to one count of endangering the welfare of a child and purportedly waived his right to appeal.
Considering the totality of the circumstances, including the defendant's relatively limited experience with the criminal justice system, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived the right to appeal (see People v Fahey, 200 AD3d 978, 978-979; People v Zaffuto, 138 AD3d 1156, 1156-1157). The Supreme Court's terse oral colloquy, which was not supplemented by a written waiver form, did not adequately advise the defendant of the nature of the right to appeal and the consequences of waiving that right (see People v McKnight, 199 AD3d 705, 706; People v Rose, 193 AD3d 885, 886; People v Alston, 163 AD3d 843). As such, appellate review of the denial of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and evidence recovered from the two cell phones is not precluded.
Nevertheless, the Supreme Court properly denied those branches of the defendant's omnibus motion. Giving deference to the court's credibility determinations (see People v Hirji, 185 AD3d 1053, 1055), the evidence at the suppression hearing supported the court's conclusion that the [*2]statements the defendant made prior to the administration of Miranda warnings were not the product of a custodial interrogation (see Miranda v Arizona, 384 US 436; People v Yukl, 25 NY2d 585). Under the totality of the circumstances here, a reasonable person, innocent of any crime, would not have believed that he or she was in custody (see Miranda v Arizona, 384 US 436; People v Yukl, 25 NY2d 585; People v Small, 212 AD3d 655, 656; People v Brown, 177 AD3d 763, 765; People v Moore, 162 AD3d 1123, 1127; People v Meyer, 119 AD3d 876, 876). Further, the court's determination that the defendant voluntarily consented to giving the police the LG phone was supported by the evidence in the record (see People v Burno, 130 AD3d 747, 747). Contrary to the defendant's contention, the evidence at the hearing also supported the court's determination that the police had probable cause to arrest the defendant and that his iPhone was seized incident to his lawful arrest (see People v Geddes, 171 AD3d 1210, 1213; People v Ward, 169 AD3d 833, 835; People v Travis, 266 AD2d 410, 411).
The defendant's remaining contention is improperly raised for the first time in his reply brief and we decline to consider it (see People v Perez-Olivo, 127 AD3d 1110, 1111; People v Winkfield, 90 AD3d 959, 960; People v Boynton, 35 AD3d 875, 876).
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court