People v Duke (2023 NY Slip Op 05146)

People v Duke

2023 NY Slip Op 05146

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-05611
 (Ind. No. 70840/21)

[*1]The People of the State of New York, respondent,
v
Tyshaun Duke, appellant.

Patricia Pazner, New York, NY (David P. Greenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Christopher Blira-Koessler of counsel; Deanna Russo on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Karen Gopee, J.), imposed October 25, 2019, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545; People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). The defendant's written waiver incorrectly stated that the appeal waiver included a forfeiture of the attendant right to counsel and poor person relief (see People v Ali, 216 AD3d 993, 994; People v Santillan, 200 AD3d 1074, 1075; People v Brenner, 193 AD3d 875, 875), and mischaracterized the appellate rights waived as encompassing an absolute bar to the pursuit of postconviction collateral relief in both state and federal courts separate from direct appeal (see People v Bisono, 36 NY3d 1013, 1017; People v Thomas, 34 NY3d at 565-566; People v Ali, 216 AD3d at 994). These incorrect statements were not corrected by the Supreme Court during its oral appeal waiver colloquy (see People v Ali, 216 AD3d at 994; People v Santillan, 200 AD3d at 1075). Further, both the court's colloquy and the written waiver form improperly suggested that the waiver may be an absolute bar to the taking of an appeal, and neither the colloquy nor the written waiver form contained any clarifying language that appellate review remained available for select issues (see People v Bisono, 36 NY3d at 1017; People v Garcia, 189 AD3d 879, 880-881; People v Habersham, 186 AD3d 854, 854).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court