People v Linares (2024 NY Slip Op 00782)

People v Linares

2024 NY Slip Op 00782

Decided on February 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2022-05448
 (Ind. No. 371/19)

[*1]The People of the State of New York, respondent,
v
Juan Linares, appellant.

Patricia Pazner, New York, NY (Denise A. Corsí of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (James J. Gandia of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), imposed May 13, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545). The Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing a challenge to the legality of the sentence (see People v Lopez, 6 NY3d 248, 255). Moreover, both the court's colloquy and the defendant's written waiver form improperly suggested that the waiver may be an absolute bar to the taking of an appeal, and neither the colloquy nor the written waiver form contained any clarifying language that appellate review remained available for select issues (see People v Bisono, 36 NY3d 1013, 1017; People v Duke, 220 AD3d 804, 805). Further, the court did not discuss the appeal waiver with the defendant until after the defendant had already admitted his guilt as part of the plea agreement (see People v Blake, 210 AD3d 901; People v Diallo, 196 AD3d 598). Accordingly, under the circumstances of this case, including the defendant's lack of prior experience with the criminal justice system (see People v Bradshaw, 18 NY3d 257, 264-265), the defendant's purported appeal waiver was invalid and does not preclude appellate review of his excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., WOOTEN, WARHIT, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court