People v Cordero (2024 NY Slip Op 06616)

People v Cordero

2024 NY Slip Op 06616

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-07870
 (Ind. No. 2083/20)

[*1]The People of the State of New York, respondent,
v
Angelo Cordero, appellant.

Patricia Pazner, New York, NY (Alexa Askari of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Melissa Owen, and Philip Cho of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Abena Darkeh, J.), rendered September 13, 2022, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Sanders, 25 NY3d 337, 340-342; People v Lopez, 6 NY3d 248, 256-257; People v Diaz, 169 AD3d 1059; cf. People v Daniel, 188 AD3d 908). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248; People v Morrow, 198 AD3d 922, 923).
The defendant's contentions concerning the validity of one of the two orders of protection issued against him at the time of sentencing survive his appeal waiver (see People v Seay, 172 AD3d 756, 757; People v Rodriguez, 157 AD3d 971, 971; People v Bernardini, 142 AD3d 671, 671). However, those contentions are unpreserved for appellate review (see People v Nieves, 2 NY3d 310, 315; People v Ray, 176 AD3d 979, 979; People v Carryl, 169 AD3d 818, 820), and we decline to review them in the exercise of our interest of justice jurisdiction (see People v Funderburk, 208 AD3d 1250; People v Brown, 191 AD3d 896). "[T]he better practice—and best use of judicial resources—is for a defendant seeking adjustment of [an order of protection] to request relief from the issuing court in the first instance, resorting to the appellate courts only if necessary" (People v Nieves, 2 NY3d at 317).
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court