People v Martines (2025 NY Slip Op 03588)

People v Martines

2025 NY Slip Op 03588

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2022-09010
 (Ind. No. 2025/19)

[*1]The People of the State of New York, respondent,
v
Ramon Martines, also known as Cruzito, also known as Cruz, appellant.

Joseph F. DeFelice, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jared A. Chester of counsel; Erin E. Stevenson on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered October 17, 2022, convicting him of manslaughter in the first degree and conspiracy in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Vilmont, 216 AD3d 1113, 1114). The Supreme Court "failed to ascertain 'that the defendant understood the nature of the appellate rights being waived' and the consequences of waiving those rights" (People v Daniel, 188 AD3d 908, 908, quoting People v Thomas, 34 NY3d at 559). The court "never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal" (People v Santillan, 200 AD3d 1074, 1075). Further, the court's comments mischaracterized the appellate rights waived as encompassing a challenge to the voluntariness of the plea (see People v Serrano, 234 AD3d 879, 881-882). Although a written waiver form is not required for an appeal waiver to be valid (see People v Stevens, 203 AD3d 958, 960; People v Brown, 122 AD3d 133, 138-139), here, there was no written waiver form to supplement the deficient oral colloquy. Thus, the purported appeal waiver was invalid and does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court