People v Williams (2025 NY Slip Op 07030)

People v Williams

2025 NY Slip Op 07030

Decided on December 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-07085
 (Ind. No. 74224/22)

[*1]The People of the State of New York, respondent,
vJahquan Williams, appellant.

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Julian Joiris of counsel; Hannah Thomas on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Phyllis Chu, J.), imposed July 24, 2023, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of the right to appeal was invalid (see People v Thomas, 34 NY3d 545; People v Vilmont, 216 AD3d 1113, 1114). The Supreme Court stated to the defendant that his waiver of the right to appeal meant that "[n]o one will provide you with a lawyer, transcripts, or any other help to appeal this conviction and the sentence," and "no judge or group of judges will review anything that I or any other judge has done in this case." These statements mischaracterized the appellate rights waived as encompassing the loss of the attendant right to counsel (see People v Burris, 231 AD3d 1063, 1063-1064; People v Lawrence, 227 AD3d 829, 829) and incorrectly suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d at 562-564; People v Richards, 224 AD3d 782, 782-783). Under the circumstances of this case, the defendant's execution of a written appeal waiver did not cure the deficient oral colloquy, as the court failed to confirm that the defendant understood the contents of the written waiver (see People v Burris, 231 AD3d at 1064; People v Richards, 224 AD3d at 783). Thus, the purported waiver of the right to appeal does not preclude appellate review of the defendant's excessive sentence claim (see People v Lawrence, 227 AD3d at 829; People v Richards, 224 AD3d at 783). Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, DOWLING, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court