People v Cockrell (2026 NY Slip Op 00256)

People v Cockrell

2026 NY Slip Op 00256

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-03373
2024-03376
2024-03379

[*1]The People of the State of New York, respondent,
vLavelle Cockrell, appellant. (Ind. Nos. 70693/21, 70694/21, 71083/21)

Martha Krisel, New York, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Francine R. Michel of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant, as limited by his motion, from three sentences of the County Court, Nassau County (Terence P. Murphy, J.), all imposed March 28, 2024, upon his pleas of guilty, on the ground that the sentences were excessive.
ORDERED that the sentences are affirmed.
Contrary to the People's contention, the defendant's purported waivers of his right to appeal were invalid (see People v Thomas, 34 NY3d 545; People v Vilmont, 216 AD3d 1113, 1114). Among other deficiencies, the County Court's colloquy failed to adequately advise the defendant of the nature of the right to appeal and suggested that the waivers may be an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d at 562-564; People v Muhammad, 231 AD3d 868, 869). Thus, the purported waivers of the right to appeal do not preclude appellate review of the defendant's excessive sentence claims (see People v Lawrence, 227 AD3d 829, 829; People v Richards, 224 AD3d 782, 783). Nonetheless, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, DOWLING, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court