People v Nathaniel (2026 NY Slip Op 01228)

People v Nathaniel

2026 NY Slip Op 01228

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2022-05193
 (Ind. No. 70023/18)

[*1]The People of the State of New York, respondent,
vAaron Nathaniel, appellant.

Patricia Pazner, New York, NY (Lisa Napoli of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Avshalom Yotam of counsel; Jordan Najah on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Craig S. Walker, J.), imposed May 9, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545). Among other things, during the appeal waiver colloquy, the Supreme Court did not explain what an appeal is or that a waiver of the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty (see People v Alexander, 225 AD3d 890, 891) and never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Muhammad, 231 AD3d 868, 869; People v Santillan, 200 AD3d 1074, 1075). In light of the defendant's age, limited education, cognitive limitations, and lack of prior experience with the criminal justice system, the written waiver form was insufficient to overcome the deficiencies in the oral colloquy (see People v Muhammad, 231 AD3d at 869). Since the purported appeal waiver was invalid, it does not preclude appellate review of the defendant's excessive sentence claim (see People v Haughton, 229 AD3d 467).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., GENOVESI, FORD, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court