People v Arcaya (2026 NY Slip Op 01373)

People v Arcaya

2026 NY Slip Op 01373

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-03173
 (Ind. No. 73359/23)

[*1]The People of the State of New York, respondent,
vRenny Arcaya, appellant.

Patricia Pazner, New York, NY (Brandon C. Vines of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Sarit A. Perl of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Toni M. Cimino, J.), imposed April 8, 2024, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Considering the totality of the circumstances, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Vilmont, 216 AD3d 1113, 1114). The Supreme Court's oral colloquy mischaracterized the appellate rights waived as encompassing the loss of attendant rights to counsel and a waiver of costs, fees, and expenses and, thus, did not adequately advise the defendant of the nature of the right to appeal and the consequences of waiving that right (see People v Burris, 231 AD3d 1063, 1063-1064; People v Lawrence, 227 AD3d 829, 829). Furthermore, the defendant's execution of a written appeal waiver did not cure the deficient oral colloquy (see People v Burris, 231 AD3d at 1064; People v Lawrence, 227 AD3d at 829), as nothing in the record demonstrates that the written appeal waiver was translated for the defendant before it was presented to him for signature (see People v Pelige, 172 AD3d 1407, 1408; People v Hong Mo Lin, 163 AD3d 849, 849), and the court failed to ascertain whether the defendant understood the contents of the written appeal waiver (see People v Haughton, 229 AD3d 467, 468). Thus, the defendant's purported waiver of the right to appeal does not preclude appellate review of his excessive sentence claim (see People v Lawrence, 227 AD3d at 829). Nonetheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BARROS, J.P., CHAMBERS, DOWLING, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court