People v Peralta

2026 NY Slip Op 01993

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Julio Peralta, appellant. (S.C.I. Nos. 1423/21, 71211/22)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2023-05219, 2023-05222

Mark C. Dillon, J.P.

William G. Ford

Helen Voutsinas

James P. Mccormack, JJ.

Jan Murphy, Huntington, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Antonella Karlin of counsel), for respondent.

[*1]

DECISION & ORDER

Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Terence P. Murphy, J.), both rendered June 23, 2022, convicting him of attempted criminal possession of a controlled substance in the fifth degree under Superior Court Information No. 1423/21 and criminal possession of a controlled substance in the fourth degree under Superior Court Information No. 71211/22, upon his pleas of guilty, and imposing sentences.

ORDERED that the judgments are affirmed.

Contrary to the People's contention, the defendant's purported waivers of his right to appeal, in both circumstances, were invalid. The Supreme Court's terse oral colloquies failed to establish that the defendant understood the nature of the rights he was waiving and the rights he retained (see e.g. People v Taj W., 235 AD3d 1016) and were not supplemented by written waiver forms, which might have cured the deficiencies in the court's colloquies (People v Vilmont, 216 AD3d 1113).

The defendant's contention concerning his plea of guilty to criminal possession of a controlled substance in the fourth degree is unpreserved for appellate review, since the defendant did not move to vacate his plea or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Peralta, 171 AD3d 948, 948; People v Kovalsky, 166 AD3d 900, 901; People v Ramos, 164 AD3d 922, 922). Moreover, "the 'rare case' exception to the preservation requirement does not apply here because the defendant's allocution did not cast significant doubt on his guilt, negate an essential element of the crime, or call into question the voluntariness of his plea" (People v Ramos, 164 AD3d at 922-923, quoting People v Lopez, 71 NY2d 662, 666). In any event, the record establishes that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Ospina, 175 AD3d 513).

The defendant's contention that the Supreme Court improvidently exercised its discretion in sentencing him to an enhanced sentence on his plea to attempted criminal possession of a controlled substance in the fifth degree following his arrest, prior to sentencing, for, inter alia, criminal possession of a controlled substance in the fourth degree is unpreserved for appellate review [*2](see People v Trent, 243 AD3d 687, 687; People v Perkins, 169 AD3d 936, 937) and, in any event, without merit. The defendant was advised of the maximum sentence that could be imposed upon his failure to comply with the conditions of the plea agreement (People v Perkins, 169 AD3d at 937).

Contrary to the defendant's contentions, the sentences imposed were not excessive (see People v Suitte, 90 AD2d 80).

DILLON, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court